## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-22360-JLK

REYNOLD FRANCOIS,

     Plaintiff,

v.

UNITED STATES OF AMERICA and
JOHN DOE(S),

     Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** came before the Court upon Plaintiff Reynold Francois' ("Plaintiff") Motion for Leave to File Third Amended Complaint.  ECF Nos. [38], [39].  Plaintiff states he served discovery upon the Government in October, but that given the holidays he was unable to review the discovery responses until late December after the Second Amended Complaint had already been filed.  ECF No. [39] at 2–3.  As such, because he has now had sufficient time to review the Government's discovery responses, Plaintiff seeks leave to file a third amended complaint to: (1) substitute Korey Jake Dang for the previously identified John Doe and remove language regarding potentially naming a prosecutor as an individual defendant, (2) make reference to photographs in the Government's possession, and (3) add a footnote stating that additional evidence in support of Plaintiff's case may be obtained through discovery.  *Id.* at 4–6.

Plaintiff states that substituting Mr. Dang is necessary to prevent the expiration of the statute of limitations.  *Id.* at 8.  As to remaining amendments, Plaintiff states that they cause "no

---

[1] This matter was referred to the undersigned by the Honorable James Lawrence King, United States District Judge.  ECF No. [37].

prejudice to the defendants and promote[] judicial economy (by killing two birds with one stone)." *Id.* The Government filed a Response in Opposition, stating that it did not object to the substitution of Mr. Dang, but that the additional amendments are an attempt to unduly delay these proceedings would be futile, and would cause prejudice. *See* ECF No. [40].

A district court may, within its discretion, afford a litigant the opportunity to amend his complaint. *BPI Sports, LLC v. ThermoLife Int'l LLC*, No. 19-60505-CIV, 2020 WL 10180911, at *1 (S.D. Fla. June 4, 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Specifically, a litigant should be freely granted leave to amend absent "any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc . . . ." *Id.* (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006)).

Here, the Court finds that Plaintiff should only be permitted to substitute Mr. Dang for the previously identified John Doe and to remove language regarding potentially naming a prosecutor as an individual defendant. The additional amendments should not be permitted because Plaintiff has not provided any good cause for failing to review the Government's discovery responses in preparation for the filing of the Second Amended Complaint. In addition, the Court finds that the proposed amendments are substantively unnecessary, particularly where Plaintiff was afforded the opportunity to file an amended complaint after the Government had submitted its discovery responses. Accordingly, it is hereby **RECOMMENDED** that Plaintiff's Motion for Leave be **GRANTED IN PART AND DENIED IN PART**. Plaintiff should only be permitted to file a third amended complaint to substitute Mr. Dang and to remove any indication that a prosecutor could be named a defendant.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **THREE (3) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."   11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on December 29, 2021.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE